*770 OPINION.
Artjndell :
Petitioner seeks to deduct as a bad debt the aggregate amount of his claims against the Michigan Central Railroad Co. The explanation of how these claims arose is somewhat complicated, but, as we understand it, they represent alleged excess freight deductions from vouchers issued to petitioner in payment for railroad ties shipped in 1909, 1910, and 1911.
At the outset of the consideration of petitioner’s claim there is the question of whether the relation of debtor and creditor existed between the Michigan Central and petitioner — that is, whether there ever was a debt. See Luke & Fleming, Inc., 1 B. T. A. 12. The respondent in his ansAver admits the petitioner’s allegation that the freight claims of petitioner under the revised shipping arrangement were part of the cost of ties to consignee. Petitioner relies upon this as sufficient to establish the existence of a debt. But the respondent has not conceded that the claims of petitioner here involved are such freight claims as constitute part of the purchase price. Apparently the Michigan Central took the same view. Although vouchers Avere made up, we think that this action on the part of one official or department of the company can not be construed as an admission by it of liability.
But even if the admission of the respondent above referred to can be taken as admitting the existence of a debt, the petitioner still has failed to establish that the debt became worthless in the taxable year. As far as we know, the claims were as good in 1920 as they were back in 1910 and 1911 when they were filed with the railroad. The refusal of the bank in 1920 to carry the claims any longer as collateral merely indicates that the bank no longer regarded them as sufficient security for its money; it does not establish that they became worthless in that year. It may be that the bank only discovered in that year a fact that had existed all along — that the claims were no good. Nor does it seem to us that the suspension of *771 negotiations and the abandonment of petitioner’s suit in 1920 establish that the claims became worthless in that year. Difficulty of proving a bad debt does not establish worthlessness, but even if it did, there is no showing that petitioner’s claims were any more difficult to prove in 1920 than in the earlier years; he knew all along that he had a hard case to prove.
The respondent must be affirmed in his disallowance of the deduction claimed.

Judgment will be entered wider Rule 60.